UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:09-CR-107 |
| | ) | |
| RUBY LAMB | ) | |

## OPINION AND ORDER

This matter is before the Court for resolution of two pending motions. On November 22, 2011, Thomas O'Malley, a staff attorney with the Northern District of Indiana Federal Community Defenders, Inc., who had been appointed to represent Lamb, filed a Motion to Withdraw as Court Appointed Counsel (docket at 46). This motion is hereby GRANTED. On December 22, 2011, Lamb filed a *pro se* motion for reduction of her sentence pursuant to 28 U.S.C. § 3582(c) (docket at 49). The United States ("the government") filed a response brief in opposition to Lamb's motion on January 19, 2012 (docket at 53). Lamb has not filed a reply brief and so this matter is ripe for resolution. For the reasons discussed below, Lamb's motion for reduction of sentence is DENIED.

## DISCUSSION

On August 5, 2011, Lamb wrote a letter to the Court requesting the appointment of counsel to represent her in attempting to obtain a sentence reduction due to the passage of the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372, for offenses involving cocaine base or "crack." The Court granted that motion and appointed Mr. O'Malley. On November 22, 2011, Mr. O'Malley filed a Notice to the Court (docket at 45). In that filing, Mr. O'Malley informed the Court that after reviewing Lamb's case, he concluded that she was not entitled to any relief under the FSA since her sentence of 96 months was the result of a binding plea

agreement and was not based on the weight or amount of "crack" she was charged with possessing and/or distributing. *Id.* On December 9, 2011, the U.S. Probation Office filed an addendum to Lamb's original Presentence Investigation Report (docket at 47). The Probation Office agreed with Mr. O'Malley's conclusion that Lamb was not entitled to relief since she had entered into a binding plea agreement. Mr. O'Malley stated that "[b]ecause [Lamb's] sentence was based upon the binding plea agreement she negotiated with the government and not based upon the weight of the drugs involved in her case the retroactive application of the Fair Sentencing Act will have no effect on [her] sentence." Notice to the Court, p. 2. Mr. O'Malley also noted that had Lamb not entered into this binding plea agreement, the government would have filed a notice of enhancement pursuant to 21 U.S.C. § 851, meaning that Lamb would have faced a minimum sentence of 120 months. *Id.* Because the Court agrees with Mr. O'Malley's and the Probation Officer's conclusions, the motion to withdraw is granted.

Lamb then filed the present motion for reduction of sentence. Lamb contends that she is entitled to a reduction in her sentence notwithstanding the conclusions reached by Mr. O'Malley and the Probation Office. Lamb argues that "at the time of sentencing, the Court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the Petitioner's view, the recent change in the cocaine base guidelines as a result of the Fair Sentencing Act of 2010 represent a change in the fundamental philosophy and statistical assessment upon which the guidelines are premised." Motion for Reduction, p. 2. Lamb argues that this entitles her to a reduction even though she entered into a binding plea agreement.

In every criminal sentencing in federal court, the advisory guideline range is always determined by the Court and the U.S. Probation Office as a starting point in calculating

defendants' sentences. But this does not mean, as Lamb implies, that a defendant's ultimate sentence is necessarily "based on" those guidelines. In this case, Lamb negotiated a binding plea agreement for a term of 96 months, and the government in return agreed not to file for a sentence enhancement and to dismiss three other felony counts contained in Lamb's indictment. So Lamb's sentence was not based on the amount of drugs involved in her offense. Rather, it "was and is being driven by the mandatory minimum sentence and the government's decision to enter into a plea agreement and not to file a Section 851 enhancement, not by the United States Sentencing Guidelines." Government's Response, docket at 53, p. 4. Therefore, Lamb's sentence was not based on the guideline range that was later reduced by the FSA. The U.S. Supreme Court recently held in *Freeman v. United States*, 131 S.Ct. 2685 (2011) that defendants whose sentences are not solely "based on" the amount of crack cocaine involved in their offenses (specifically, defendants who enter into binding plea agreements pursuant to Rule 11(c)(1)(C) are not entitled to sentence reductions under the FSA. And, as the government points out, many other courts that have addressed this issue have concluded that defendants who enter into binding plea agreements wherein the term of imprisonment is not based solely on the guideline range are not entitled to relief under the FSA. Government's Response, p. 6 (citing *United States v. Rivera-Martinez*, 665 F.3d 344 (1st Cir. 2011); *United States v. Brown*, 653 F.3d 337 (4th Cir. 2011); *United States v. Turner*, 2011 WL 5865490 (D.D.C. Nov. 21, 2011); *United States v. Walker*, 818 F.Supp.2d 151 (D.D.C. 2011)). Government's Response, p. 6. For these reasons, Lamb is not entitled to a reduction in her term of imprisonment.[1]

---

[1] In support of her *pro se* motion, Lamb also filed two letters with the Court–the first on December 22, 2011 (docket at 51) and the second on January 13, 2012 (docket at 52). In these letters, Lamb states that she witnessed a sexual assault at the institution where she is incarcerated

**CONCLUSION**

For the reasons set forth above, the Motion to Withdraw as Court Appointed Counsel (docket at 46) is GRANTED and the motion for reduction of sentence (docket at 49) is DENIED.

April 25, 2012.

        /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana

---

and that her assistance to prison authorities led to the indictment of the man who allegedly assaulted a female inmate. Lamb contends that for this reason the Court should grant her a sentence reduction for "substantial assistance." Docket at 52. Lamb also states that she has earned certificates for completing a prison drug program, parenting classes, and for earning her G.E.D. Lamb is to be commended for her efforts to turn her life around. However, these factors have no applicability to the issue before the Court. A defendant is either entitled to a sentence reduction under the narrow terms of the FSA or not, and Lamb is not.