UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

UNITED STATES OF AMERICA,     )
     )
v.     )     1:09-CR-107
     )
RUBY LAMB     )

**OPINION AND ORDER**

Before the Court is defendant, Ruby Lamb's "Motion for Reduction of Sentence" docketed as entry 56 and a motion from her court appointed counsel to withdraw [DE 60]. Lamb's motion asks this court to reduce her sentence pursuant to 18 U.S.C. §3582(c)(2) for a variety of reasons including pursuant to the provisions of the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372, for offenses involving cocaine base or "crack." This is her third such motion. All previous motions have been denied. The undersigned referred Lamb's motion to the Federal Defender as it has done with her previous motions.

On September 12, 2013, Lamb's court-appointed counsel filed a Notice to the Court indicating that it is not appropriate to file a petition for a reduction of sentence due to the amended sentencing guidelines. More specifically, counsel informed the Court that after reviewing Lamb's case, he concluded that she was not entitled to any relief under the FSA since her sentence of 96 months was the result of a binding plea agreement and was not based on the weight or amount of "crack" she was charged with possessing and/or distributing. Accordingly, counsel requests to withdraw from the case as there is no action to be taken on Lamb's behalf.

In its previous denials of her motions for reduction of sentence, this court has explained to Lamb in detail the reasons why no relief can be afforded to her at this time. See DE 54.

Specifically, this court explained:

> In every criminal sentencing in federal court, the advisory guideline range is
> always        determined by the Court and the U.S. Probation Office as a starting
> point in calculating defendants' sentences. But this does not mean, as Lamb
> implies, that a defendant's ultimate sentence is necessarily "based on" those
> guidelines. In this case, Lamb negotiated a binding plea agreement for a term of
> 96 months, and the government in return agreed not to file for a sentence
> enhancement and to dismiss three other felony counts contained in Lamb's
> indictment. So Lamb's sentence was not based on the amount of drugs involved
> in her offense. Rather, it "was and is being driven by the mandatory minimum
> sentence and the government's decision to enter into a plea agreement and not to
> file a Section 851 enhancement, not by the United States Sentencing Guidelines."
> Government's Response, docket at 53, p. 4. Therefore, Lamb's sentence was not
> based on the guideline range that was later reduced by the FSA. The U.S.Supreme
> Court recently held in *Freeman v. United States*, 131 S.Ct. 2685 (2011) that
> defendants
> whose sentences are not solely "based on" the amount of crack cocaine involved
> in their offenses (specifically, defendants who enter into binding plea agreements
> pursuant to Rule 11(c)(1)(c) are not entitled to sentence reductions under the
> FSA. And, as the government points out, many other courts that have addressed
> this issue have concluded that defendants who enter into binding plea agreements
> wherein the term of imprisonment is not based solely on the guideline range are
> not entitled to relief under the FSA. Government's Response, p. 6 (citing *United
> States v. Rivera-Martinez*, 665 F.3d 344 (1st Cir. 2011); *United States v. Brown*,
> 653 F.3d 337 (4th Cir. 2011); *United States v. Turner*, 2011 WL 5865490 (D.D.C.
> Nov. 21, 2011); *United States v. Walker*, 818 F.Supp.2d 151 (D.D.C. 2011)). For
> these reasons, Lamb is not entitled to a reduction in her term of imprisonment.

DE 54, at p. 3. Despite her arguments to the contrary, the law remains the same in this circuit as

it did when the court entered its Order in Docket Entry 54.[1] Counsel for Lamb agrees with this

assessment in its memorandum supporting his motion to withdraw. Accordingly, Lamb's

Motion for a Reduction of Sentence is DENIED. The Motion to Withdraw as Counsel is

GRANTED.

---

[1]In *United States v. Epps*, 707 F.3d 337 (D.C. Circuit, 2013), the Court held that a defendant who
entered a binding plea agreement may obtain relief from the Fair Sentencing Act's lower guidelines
calculation notwithstanding the Supreme Court's decision in *Freeman.* This case is not binding on this
Court nor has it been endorsed by the Seventh Circuit.

Entered: This 21st day of October, 2013

s/ William C. Lee
United States District Court